# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JONATHAN C. HIATT**
**United States Army, Appellant**

ARMY 20110818

Headquarters, U.S. Army Special Forces Command (Airborne)
Karin G. Tackaberry, Military Judge
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (trial)
Lieutenant Colonel Russell N. Parson, Staff Judge Advocate (new recommendation)
Major Howard T. Matthews, Jr., Acting Staff Judge Advocate (new addendum)

For Appellant:  Major Vincent T. Shuler, JA; Captain Ian M. Guy, JA.

For Appellee:  Major Elisabeth A. Claus, JA; Captain Sean Fitzgibbon, JA.

29 October 2013

---------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted aggravated sexual abuse of a child, one specification of false official statement, one specification of rape of a child, two specifications of aggravated sexual abuse of a child, one specification of aggravated sexual contact with a child, and two specifications of conduct prejudicial to good order and discipline and of a nature to bring discredit upon the armed forces for knowingly persuading a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for knowingly possessing images of child pornography in violation of Articles 80, 107, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 907, 920, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-four years, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of

the sentence as provided for a dishonorable discharge, confinement for ten years, and reduction to the grade of E-1.

On 20 December 2012, this Court set aside the convening authority's action in this case and returned the record of trial to The Judge Advocate General for remand to the same or a different convening authority for a new staff judge advocate recommendation and action. *United States v. Hiatt*, ARMY 20110818 (Army Ct. Crim. App. 20 Dec. 2012) (summ. disp.). On 16 September 2013, the record of trial was returned to this Court for further review pursuant to Article 66, UCMJ.

Appellant assigns no additional errors but raises an additional matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Having resolved appellant's previously assigned error in his favor, we turn to the matters presented pursuant to *Grostefon* and find agreement with one originally raised. Appellant was improvident to clause 1 of Article 134, UCMJ, under specifications 1 and 2 of Charge IV. He never admitted facts sufficient to establish that his misconduct caused reasonably direct and palpable prejudice to good order and discipline. However, specifications 1 and 2 of Charge IV also alleged violations of clause 2 of Article 134, UCMJ, and appellant pled providently to service discrediting behavior. Therefore, we will affirm only so much of the finding that reflects the same. *See generally United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008); *Manual for Courts-Martial, United States* (2008 ed.), Part IV, ¶ 60(c)(2).

The court affirms only so much of Charge IV and its specifications as provides appellant:

Specification 1: did, at or near Fort Bragg, North Carolina, between on or about 10 February 2010 and on or about 5 October 2010, knowingly persuade E.W., a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which conduct was of a nature to bring discredit upon the armed forces.

Specification 2: did, between on or about 10 February 2010 and on or about 5 October 2010, at or near Fort Bragg, North Carolina, knowingly possess six images of child pornography as defined in 18 U.S.C. § 2256(8), such conduct being of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and all of the matters personally raised by appellant pursuant to *Grostefon*, the sentence is affirmed. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986); *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006).



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court